AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| UNITED STATES OF AMERICA | |
|---|---|
| **V.** | **ORDER OF DETENTION PENDING TRIAL** |
| JOSE ALBERTO RIOS | Case Number:  10-20235-1 |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in

    _____.*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

This is a presumption case.

(CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 14, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

UNITED STATES OF AMERICA V JOSE ALBERTO RIOS, 10-20235-1          PAGE 2

Defendant is a citizen of Mexico with no legitimate ties to this country, other than he has a cousin who lives in Southfield, Michigan, with whom he has had minimal contact. For the past three years Defendant has resided in Mexico. He is 36 years old, divorced, and has lived illegally in this country for two separate periods of time. Defendant lived in Texas from 2006 - 2007 and in Michigan from 1998-2006. He claims to have been self employed as a landscaper for the past twelve years, earning $400 weekly. He claims no assets or liabilities.

There is an INS detainer on this Defendant.

Defendant is Defendant #1 in a 19 count indictment which names 11 defendants and alleges Conspiracy to Distribute and to Possess with Intent to Distribute More than Five Kilograms of a Controlled Substance (cocaine), Aiding and Abetting, Distribution of a Controlled Substance, Unlawful Use of a Communication Facility, Maintaining a Drug-Involved Premises, among other charges.

Defendant's past criminal history includes a civil warrant for failure to appear, and several arrests involving driving while intoxicated and other alcohol related charges. Defendant has long standing issues with alcohol dependence.

This court finds that third party custody by defendant's cousin, Ms. McKenzie, would not be appropriate. Ms. McKenzie speaks little to no English, is not a U.S. citizen, and she and her husband are employed during the days and would not be able to supervise the Defendant's whereabouts or activities effectively were he to move into her home. Also, given the nature of the allegations, that home could become a dangerous place for anyone who lived there, including Ms. McKenzie's children, as well as the Defendant, should Defendant move in. Also, not enough is known about Defendant's cousin for this Court to be assured that placement of Defendant there would be advised.

Due to the Defendant's Mexican citizenship status, his lack of ties to this community, and the fact that Defendant faces a minimum of 10 years imprisonment if convicted, the Court finds by a preponderance of the evidence presented that Defendant is a risk of flight.

Defendant has failed to present evidence sufficient to rebut the presumption of detention.

Due to both the seriousness and nature of the allegations plead in the indictment, this Court finds by clear and convincing evidence that Defendant poses a danger to the community and to himself.

There is no condition or combination of conditions that will reasonably assure the appearance of this Defendant or the safety of the community. Therefore it is Ordered that Defendant be Detained.